# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD,<br>DIRECTOR, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00214-AWI-NEW (DLB) PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.　　Screening Order

　　A.　　Screening Requirement

Plaintiff Willie Tyrone Cooper ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 8, 2007.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1          "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534
3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6  claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may
7  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8  could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff
9  will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10 claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11 unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12 <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171
13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14 .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15 pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490
16 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17 essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>,
18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir.
19 1982)).
20         B.     <u>Plaintiff's Claims</u>
21         Plaintiff is an inmate housed at Kern Valley State Prison, where the events at issue in this
22 action allegedly occurred. The defendants named in this action are former California Department
23 of Corrections and Rehabilitation Director Jeanne Woodford, Officer Mike Morales, Sergeant
24 Michael Alvarez, Lieutenant D. Stebbins, Lieutenant J. R. Garza, Chief Deputy Warden B.
25 Haws, Lieutenant Todd Drew, Warden George M. Galaza, and Lieutenant R. Vogt. Plaintiff is
26 seeking money damages for the alleged violation of his due process rights.
27 ///
28 ///

Plaintiff alleges that he was placed in administrative segregation ("ad-seg") after defendant Morales planted a weapon on him on November 23, 2005. Plaintiff thereafter received a falsified Rules Violation Report charging him with weapon possession.

Plaintiff alleges that defendant Morales planted the weapon on him, and defendants Morales and Alvarez threatened him if he failed to provide information.[1] Plaintiff alleges that defendant Stebbins authorized the lock-up order based on Morales and Alvarez's false statements. Plaintiff alleges that on November 28, 2005, defendant Garza conducted the review of the lock-up order and retained plaintiff in ad-seg, and on December 1, 2005, plaintiff appeared before the Institutional Classification Committee, where defendant Haws elected to retain plaintiff in ad-seg. Plaintiff alleges that on December 19, 2005, he received the report written by defendants Morales and Alvarez, now charging him with possession of two weapons. On January 18, 2006, defendant Garza reviewed the report. Plaintiff alleges that defendant Garza had an affirmative duty to investigate staff misconduct but refused to do so. Plaintiff alleges that defendants Drew and Galaza signed falsified Crime/Incident Reports, and failed to investigate and protect against staff misconduct. Plaintiff alleges that as Director, defendant Woodford had a duty to investigate staff misconduct.

1.    Due Process Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode,

---

[1] Plaintiff also alleges he was assaulted, but it is unclear what plaintiff means by that.

3

423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts demonstrating the existence of a protected liberty interest of which he was deprived. Plaintiff does not have a protected in liberty interest in remaining free from ad-seg. Sandin, 515 U.S. at 484; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted).

4

Because plaintiff does not alleged facts supporting a claim that he was deprived of a protected liberty interest, plaintiff may not pursue a claim for relief for denial of procedural due process under federal law.

In addition, even if plaintiff had sufficiently alleged that defendants Morales and Alvarez's actions deprived him of a protected liberty interest without procedural due process, plaintiff's allegations do not support any claims against defendants Stebbins, Garza, Haws, Drew, and Galaza. The allegations that these defendants either elected to retain him in ad-seg based on false reports and/or failed to investigate staff misconduct are insufficient to support a claim that they knowingly deprived plaintiff of a liberty interest without due process of law. Further, defendant Vogt is not mentioned in the statement of the claim, although he is named as a defendant.

### 2.  Claim Against Defendant Woodford

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff may not impose liability on defendant Woodford under section 1983 based solely on her position as the Director. First, plaintiff's complaint does not state a cognizable due process claim. Therefore, there is no basis upon which liability may be imposed on defendant Woodford under a theory of supervisory liability. Second, even if plaintiff had alleged a cognizable due process claim, plaintiff did not allege any facts indicating that defendant

Woodford personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, plaintiff's complaint does not state a claim against defendant Woodford.

      C.     Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2.     The Clerk's Office shall send plaintiff a civil rights complaint form;
3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.  If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 2, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE