# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD,<br>DIRECTOR, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00214-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON DUE PROCESS CLAIMS AGAINST MORALES, ALVAREZ, AND GARZA, AND ALL OTHER CLAIMS AND PARTIES BE DISMISSED<br><br>(Doc. 12)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement**

　　Plaintiff Willie Tyrone Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 8, 2007. On June 4, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on June 21, 2007.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Allegations**

Plaintiff is currently housed at Kern Valley State Prison, where the events giving rise to the claims at issue in this action allegedly occurred. Named in this action as defendants are Warden George Galaza, Correctional Officer Mike Morales, Sgt. Michael Alvarez, Lt. D. Stebbins, Lt. J. R. Garza, and Chief Deputy Warden F. B. Haws.

Plaintiff alleges that on November 23, 2005, Defendants Morales and Alvarez attempted to coerce information from him, and then planted a weapon on him and created false reports of the incident. Plaintiff alleges that Defendants threatened him with a Security Housing Unit term and referral to the District Attorney for prosecution in their attempt to obtain information from him. As he was being escorted from the kitchen area in handcuffs, Plaintiff alleges that Defendant Morales pushed Plaintiff's neck into a wall and pulled his underwear upwards in an attempt to provoke him. Plaintiff alleges that Defendants' actions caused him to be placed in Administrative Segregation (Ad-Seg), lose the job he held for four years, be assessed twenty-two additional classification points,

///

have his minimum parole release date pushed back from 2007 to 2011, and lose his anticipated eligibility for level 3 status.

Plaintiff alleges that, relying upon Defendants Morales and Alvarez's information and reports, Defendant Stebbins issued a lock-up order that resulted in Plaintiff's placement in Ad-Seg for six months. Plaintiff alleges that Defendant Garza reviewed the lock-up order and elected to retain Plaintiff in Ad-Seg.

Plaintiff alleges that on December 1, 2005, Defendant Haws conducted the classification committee review and elected to retain Plaintiff in Ad-Seg for ninety days. Plaintiff alleges that Defendant Haws subsequently elected to retain him in Ad-Seg for another ninety-day period.

Plaintiff alleges that on March 9, 2006, Defendant Garza held a disciplinary hearing. Plaintiff alleges that Defendant addressed only twelve out of twenty-seven lines in Plaintiff's Investigative Employee Report, would not allow all of Plaintiff witnesses,[1] and stated that he believes his officers in cases such as this. Plaintiff alleges that Defendant Garza prevented him from presenting his defense to the charge, and found Plaintiff guilty of a weapons charge despite never completing the hearing.

Plaintiff alleges that Defendants Morales and Alvarez's false reports were reviewed and signed off on by Defendant Galaza, and that he was contacted by Plaintiff regarding the violation of Plaintiff's rights.

Plaintiff alleges claims for false imprisonment and for violation of his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**B.    False Imprisonment Claim**

False imprisonment, a tort under California law, is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false

---

[1] Due to an incomplete sentence, it is unclear how many witnesses were allowed. Plaintiff alleges, "[P]laintiff was denied due process in this hearing; out of the 6 to 9 witnesses I put in my Investigative Employee Report prepared by Officer O. Pear, peace officer; and Defendant J. R. Garza hung up the phone on B Facility Central Facility Kitchen Supervisor Howard . . . ." (Doc. 12, pg. 8.)

imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff's placement in a holding cage and then Ad-Seg does not give rise to a false imprisonment claim. Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and Rehabilitation, and the events at issue in this action do not give rise to a cognizable tort claim for false imprisonment.

### C. Eighth Amendment Claims

#### 1. Inhumane Conditions of Confinement Claim

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying
///

4

humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

"[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). Plaintiff has not alleged any facts which would support a claim that Defendants' actions resulted in the infliction of cruel and unusual punishment or caused Plaintiff to endure inhumane conditions of confinement.

**2.     Excessive Force Claim**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Plaintiff's allegations that Defendant Morales slammed him into the wall and gave him a wedgie in an effort to provoke him fall short of supporting a claim that Defendant inflicted upon him physical force which rose to the level of sadistic and malicious.

**D.     Equal Protection Claim**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or by showing that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

Although Plaintiff alleges his right to equal protection was violated, the amended complaint is devoid of any facts which would support an equal protection claim.

### E.   Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Despite his attempt to argue otherwise, Plaintiff has not alleged any facts which demonstrate that he had a liberty interest in remaining free from Ad-Seg, in his prison job, in being housed at a particular level of security, or in a particular classification level. However, Plaintiff's allegation that his parole date was affected is sufficient to support a claim that he was deprived of a protected liberty interest created under state law. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006). The Court finds that Plaintiff's allegations are sufficient to give rise to a claim for relief against Defendants Morales, Alvarez, and Garza for violation of the Due Process Clause.[2]

---

[2] Whether the claim becomes one for denial of procedural due process or violation of the substantive component of the Due Process Clause, or both, is best left to the parties. See Alvarez v. Hill, 2008 WL 659570, No. 06-35068, *3 (9th Cir. Mar. 13, 2008). At this stage, Plaintiff's allegations are sufficient to support a claim that he was deprived of his liberty interest in his parole date through the falsification of evidence and an unfair hearing.

6

  **F. Defendants Stebbins, Haws, and Galaza**

  Plaintiff seeks to impose liability on Defendants Stebbins and Haws because of their involvement in his placement and retention in Ad-Seg on the allegedly falsely created weapons charge, and on Defendant Galaza for signing off on the discipline and for failing to rectify the situation when Plaintiff complained about it.

  With respect to Defendants Stebbins and Haws, Plaintiff does not have a protected liberty interest in remaining free from Ad-Seg. Further, Plaintiff has not alleged that either Defendant was aware that Defendants Morales and Alvarez set Plaintiff up and manufactured evidence. The fact that Plaintiff may have complained to them about what transpired does not transform their actions in those of co-conspirators. There is no indication that either Defendant knew the weapon was planted and the reports were falsified, but furthered the violation of Plaintiff's rights despite this knowledge. Plaintiff fails to state a claim against Stebbins or Haws.

  Likewise, there are no facts alleged which support a claim against Defendant Galaza. Assuming that Defendant Galaza approved the disciplinary finding and punishment, and received Plaintiff's letter complaining about what had happened to him, there is no indication that Defendant Galaza knew Defendants Morales and Alvarez set him up but nonetheless failed to take corrective action. In this situation, Defendant's failure to act on Plaintiff's letter does not transform Defendant into an active participant in the violation of Plaintiff's rights.[3] See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

**III. Conclusion and Recommendation**

  For the reasons set forth herein, the Court finds that Plaintiff's amended complaint states cognizable due process claims against Defendants Morales, Alvarez, and Garza, but does not state any other claims upon which relief may be granted. Plaintiff was previously granted leave to amend and warned that he must link actions or omissions of the named defendants to a violation of his

///

---

[3] The letter was apparently forwarded for action by staff via the inmate appeals process. (Doc. 11, pg. 10.)

7

rights. With the exception of the due process claims, Plaintiff has not done so and the Court therefore HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's amended complaint, filed June 21, 2007, against Defendants Morales, Alvarez, and Garza for denial of due process;

2. Plaintiff's false imprisonment claim be dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's Eighth Amendment claims be dismissed, with prejudice, for failure to state a claim;

4. Plaintiff's equal protection claim be dismissed, with prejudice, for failure to state a claim; and

5. Defendants Stebbins, Haws, and Galaza be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2008**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE