IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>    Plaintiff,<br><br>vs.<br><br>JEANNE WOODFORD,<br>DIRECTOR, et al.,<br><br>    Defendants.<br>_____/ | 1:07-cv-00214-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(DOCUMENT #22)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN AND FILE SECOND AMENDED COMPLAINT ATTACHED TO MOTION FOR APPOINTMENT OF COUNSEL |

On August 26, 2008, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

///

1  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
2  of the legal issues involved." Id. (internal quotation marks and citations omitted).

3       In the present case, the court does not find the required exceptional circumstances. Even if
4  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
5  which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
6  similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a
7  determination that plaintiff is likely to succeed on the merits, and based on a review of the record
8  in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.
9  Plaintiff's motion shall be denied.

10      Attached to plaintiff's motion is his second amended complaint, submitted in compliance
11 with the court's order filed August 4, 2008. The Clerk's Office shall file in the second amended
12 complaint.

13      For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motion for the
14 appointment of counsel is DENIED, without prejudice, and the Clerk's Office is DIRECTED to scan
15 and file the second amended complaint attached to the counsel motion.

17      IT IS SO ORDERED.
18      Dated:   **September 2, 2008**           **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE