# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER, | CASE NO. 1:07-cv-00214-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON DUE PROCESS CLAIM AND EQUAL PROTECTION CLAIM BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| JEANNE WOODFORD, DIRECTOR, et al., | |
| Defendants. | (Doc. 24) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Procedural History**

Plaintiff Willie Tyrone Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 8, 2007.  On June 4, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted.  Plaintiff filed an amended complaint on June 21, 2007, and the Court recommended that this action proceed against Defendants Morales, Alvarez, and Garza for denial of due process; that Plaintiff's false imprisonment claim, Eighth Amendment claims, and equal protection claim be dismissed, with prejudice, for failure to state a claim; and that Defendants Stebbins, Haws, and Galaza be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them.

Plaintiff objected to the recommendation, and on August 4, 2008, the Honorable Anthony W. Judge Ishii issued an order adopting the recommendation in full with the exception of dismissal

1

of the equal protection claim with prejudice.  Judge Ishii granted Plaintiff leave to amend the equal protection claim and limited Plaintiff to filing a second amended complaint containing only the due process and equal protection claims against Defendants Morales, Alvarez, and Garza.  On September 2, 2008, Plaintiff filed a second amended complaint in compliance with Judge Ishii's order.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   Plaintiff's Second Amended Complaint

### A.    Substantive Due Process Claim

Plaintiff alleges that on November 23, 2005, while he was working in the central kitchen at Kern Valley State Prison, searches were conducted.  Plaintiff and the other inmate workers had already been searched by other officers when Defendants Morales and Alvarez, who were with the

2

1   Investigative Services Unit, arrived and set Plaintiff up by planting a weapon and falsifying reports.

2   Thereafter, Defendant Garza conducted Plaintiff's administrative segregation ("ad-seg") placement

3   review and subsequent disciplinary hearing.  Plaintiff alleges that he did not receive a fair hearing,

4   and that Defendant Garza did not consider all of the evidence, including Plaintiff's full investigative

5   employee report.  Plaintiff alleges that as a result of the planted weapon, falsified reports, and unfair

6   hearing, he was housed in ad-seg, lost his job, lost his medium security classification, and had his

7   parole date extended from 2007 to 2011, in violation of his right to substantive due process.

8          The touchstone of due process is protection of the individual against arbitrary government

9   action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of

10  power without any reasonable justification in the service of a legitimate governmental objective.

11  County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citations and quotation marks

12  omitted).  "The concept of substantive due process . . . forbids the government from depriving a

13  person of life, liberty, or property in such a way that shocks the conscience or interferes with rights

14  implicit in the concept of ordered liberty."  Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th

15  Cir. 1998) (citation and internal quotation marks omitted).  To establish a claim, Plaintiff "must, as

16  a threshold matter, show a government deprivation of life, liberty, or property."  Action Apartment

17  Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting Nunez

18  at 871).  "The Due Process Clause takes effect only if there is a *deprivation* of a protected interest."

19  Nunez at 874 (emphasis in original).

20         As previously recognized by the Court, Plaintiff does not have a protected liberty interest in

21  remaining free from ad-seg, in having a job, or in his classification status, Sandin v. Conner, 515

22  U.S. 472, 484 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007), but he does have a

23  protected liberty interest in his parole date, Sass v. California Board of Prison Terms, 461 F.3d 1123,

24  1128 (9th Cir. 2006). (Docs. 15, 20.)  Therefore, Plaintiff's allegations that Defendants Morales and

25  Alvarez planted a weapon on him and falsified reports, and Defendant Garza did not give him a fair

26  hearing, all of which ultimately led to an extension of his earliest parole date, are sufficient to state

27  a due process claim.

28  ///

3

1

### B.     <u>Equal Protection Claim</u>

2       Plaintiff alleges that he is a Muslim and was the only prisoner to be targeted by Defendants

3 Morales and Alvarez.  (Doc. 24, 2nd Amend. Comp., p. 6, ¶3.)  Plaintiff subsequently alleges that

4 Defendants Morales and Alvarez "practiced intent to discriminate" and in singling Plaintiff out,

5 practiced a form of discrimination on the basis of a suspect classification.  (<u>Id.</u>, ¶¶4, 5.)  Plaintiff

6 alleges that Defendants Morales and Alvarez violated his right to equal protection.

7       "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

8 should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432 (1985) (citing

9 <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

10 of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

11 defendants acted with an intent or purpose to discriminate against the plaintiff based upon

12 membership in a protected class.'"[1] <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001)

13 (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

14 means that a defendant acted at least in part *because of* a plaintiff's protected status."  <u>Serrano v.</u>

15 <u>Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396,

16 1404 (9th Cir. 1994)) (emphasis in original).

17       While detailed allegations are not required, a plaintiff must set forth "the grounds of his

18 entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation

19 of the elements of a cause of action . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct.

20 1955, 1964-65 (2007) (internal quotations and citations omitted).  "Factual allegations must be

21 enough to raise a right to relief above the speculative level . . . ." <u>Id.</u> at 1965 (citations omitted).

22       Although Plaintiff alleges he is Muslim in one place in his complaint and later alleges that

23 Defendants discriminated against him, Plaintiff has not alleged any facts supporting a claim that

24

25     [1] If the action in question does not involve a suspect classification, a plaintiff may also establish an equal

26 protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San</u>

27 <u>Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir. 2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002).  However,

28 this theory does not appear applicable here given Plaintiff's allegation that he is Muslim, and in any event, Plaintiff does not allege discrimination based on a "class of one" theory.

1  Defendants planted the weapon on him and falsified reports at least in part *because* he is Muslim.

2  Plaintiff neither alleges that Defendants knew he is Muslim and intentionally discriminated against

3  on that basis nor alleges any facts from which such an inference may be drawn.   Plaintiff's

4  conclusory allegations that he is Muslim and that he was discriminated against fall short of stating

5  a claim for violation of the Equal Protection Clause.  Because Plaintiff was given leave to amend the

6  claim but was unable to cure the deficiencies, the Court recommends dismissal of this claim, with

7  prejudice.[2] Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

8  **IV.    Conclusion and Recommendation**

9       For the reasons set forth herein, the Court HEREBY RECOMMENDS that this action

10  proceed on Plaintiff's second amended complaint, filed September 2, 2008, against Defendants

11  Morales, Alvarez, and Garza for violation of Plaintiff's right to due process, and that Plaintiff's equal

12  protection claim be dismissed, with prejudice, for failure to state a claim.

13       These Findings and Recommendations will be submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

15  **days** after being served with these Findings and Recommendations, Plaintiff may file written

16  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

19  1153 (9th Cir. 1991).

20

21

22       IT IS SO ORDERED.

23  **Dated:    February 3, 2009**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26  _____

27       [2] Based on Plaintiff's allegations, it appears he is pursuing the equal protection claim only against
    Defendants Morales and Alvarez.  To the extent Plaintiff also intended to purse the claim against Defendant Garza,
28  the complaint is devoid of any facts supporting a claim that Defendant Garza deprived him of a fair hearing because
    he is Muslim.