IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>            Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>            Defendants. | NO. 1:07-cv-00214-AWI-GSA-PC<br><br>ORDER DENYING MOTIONS TO COMPEL<br><br>(Docs. 55, 64) |

     Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the court are Plaintiff's motions to compel discovery filed on February 16, 2010, and May 24, 2010.

     This action proceeds on the second amended complaint against Defendants Morales, Alvarez and Garza on Plaintiff's claims for violation of the Due Process Clause of the Fourteenth Amendment. On September 24, 2009, a discovery order was entered, opening discovery and setting a discovery motion filing deadline of May 24, 2010.

**I.**     **<u>February 16, 2010, Motion</u>**

     In his motion filed on February 16, 2010, Plaintiff seeks an order compelling the production of a document. Specifically, Plaintiff seeks an order compelling Defendants Morales, Alvarez, and Garza "to produce the copy needed for inspection: Plaintiff now request for the

1 | FAALSA sheet for the date Nov. 23, 2005 with the names of all officers and their post orders."
2 | (Mot. p. 1.)
3 |      Attached as an exhibit to the motion is a copy of Defendants' Response to Plaintiff's
4 | Request for Production of Documents, Set One.  Plaintiff's first set of request consists of four
5 | specific requests, none of which refer to a document titled as a FAALSA sheet or post orders.  In
6 | his motion, Plaintiff does reference correctional officers who worked in the B facility central
7 | kitchen on the date of the incident at issue in this lawsuit.  Plaintiff's request number 3 seeks the
8 | following: "Plaintiff request the names of, and the location of all the free supervisor cooks that
9 | supervised inmate facility B central kitchen from the first watch, and second watch from Aug 20,
10 | 2005 to Nov 25, 2005."  Defendants object to the request on the ground that it is overbroad in
11 | scope and time and not reasonably calculated to lead to the discovery of admissible evidence.
12 | Defendants further object on the ground that the request does not seek the production of a
13 | document already in existence, but seeks to have Defendants create a document.  Without
14 | waiving objections, Defendants responded that no such documents are in Defendants'
15 | possession, custody, or control.
16 |      In his request number 4, Plaintiff seeks "the names and location of correctional officers
17 | who worked in facility B central kitchen from first watch, and second watch from Aug 20, 2005
18 | to Nov 28, 2005."  Plaintiff refers to the voluntary disclosure requirement of Federal Rule of
19 | Civil Procedure 26(a)(1).  Defendants object to the request on the ground that it is overbroad in
20 | scope and time and is not reasonably calculated to lead to the discovery of admissible evidence.
21 | Defendants further object on the ground that the request does not seek the production of a
22 | document already in existence, but seeks to have Defendants create a document.  Defendants
23 | also note that prisoner litigation is exempt from initial disclosures under Federal Rule of Civil
24 | Procedure 26(a)(1)(B)(iv).
25 |      In his motion, Plaintiff does not address Plaintiff's objections.  Plaintiff states that
26 | "parties may obtain discovery regarding any non privileged matter that is relevant to any party's
27 |
28 |     2

claim or defense." Defendants objected to the request on the ground of overbreadth and failure to lead to the discovery of admissible evidence. Plaintiff does not address this argument. Plaintiff does not make any argument or point to any admissible evidence that his request would lead to. Plaintiff does not answer Defendant's argument that his request is overbroad. Plaintiff may not simply file a motion seeking an order compelling the production of a document without addressing Defendants' objections. The court finds that Defendants' objections are properly grounded. Plaintiff has the burden of overcoming the objections. The court will not engage in an analysis of Plaintiff's case in order to determine the relevancy of his request or whether it will lead to the discovery of admissible evidence. It is Plaintiff's burden to meet Defendants' properly asserted objections. Plaintiff has failed to do so. The motion to compel filed on February 16, 2010, should therefore be denied.

## II.    May 24, 2010, Motion

In his May 24, 2010, motion to compel, Plaintiff indicates that Defendants provided the Fair Labor Standards Act (FLSA) register that he requested. Plaintiff then sent to Defendants "eight interrogatories for eight correctional officers who's names came on the FLSA roster sheets." (Mot. p.1.) Plaintiff seeks an order compelling Defendants to produce the requested discovery.

Attached as an exhibit to the motion is a copy of Defendants' Response to Plaintiff's Request for Production of Documents, Set Two. Plaintiff requested the following: "the record of FAALSA sheet for the Date Nov. 23, 2005 with the names of all officers and their post orders for assignment in 'B' fac. central kitchen on the above date." In their response, Defendants indicate that they produced the FLSA roster as requested. Defendants object to the production of post orders on the ground that such information is confidential and protected from inmate disclosure. Defendants argue that post orders contain law enforcement tactics and operations, descriptions, and other information that, if disclosed to an inmate, can result in a serious threat to the safety and security of the institution, staff, and inmates. Plaintiff makes no argument as to

3

how the production of post orders would lead to the discovery of admissible evidence. Plaintiff does not respond to Defendants' objection that the production of post orders could result in a serious threat to the safety and security of the institution, staff, and inmates.

    The court finds that, as to this request, Defendants have been responsive. Defendants have provided the FLSA roster. As to the production of post orders, Defendants have asserted a properly grounded objection. The court will not analyze Plaintiff's request in order to determine whether or not it is relevant or would lead to the discovery of admissible evidence. It is Plaintiff's burden to meet Defendants' properly asserted objections. Plaintiff has failed to do so. The motion to compel filed on May 24, 2010, should therefore be denied.

    The court notes that pursuant to the scheduling order entered on September 24, 2009, the deadline for the completion of all discovery, including filing motions to compel, is May 24, 2010. Discovery in this case is therefore closed. The court will not entertain any further motions to compel.

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to compel the production of documents filed on February 16, 2010, and May 24, 2010, are denied.

IT IS SO ORDERED.

Dated:   **September 3, 2010**                    /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE