1
2
3
4
5
6
7          **IN THE UNITED STATES DISTRICT COURT FOR THE**
8                **EASTERN DISTRICT OF CALIFORNIA**
9
10    WILLIE TYRONE COOPER,                        NO. 1:07-cv-00214-AWI-GSA-PC
                                              )
11                                            )    FINDINGS AND
                       Plaintiff,             )    RECOMMENDATION RE
12                                            )    PLAINTIFF'S MOTION FOR
             v.                               )    SUMMARY JUDGMENT
13                                            )
      JEANNE WOODFORD, M.D., et al.,          )    (Doc.   57)
14                                            )
                       Defendants.            )    OBJECTIONS DUE IN THIRTY
15    _____)    DAYS
16

17         Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was

18    referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

19    302.  Pending before the Court is Plaintiff's motion for summary judgment.  Defendants have

20    opposed the motion.

21    **I.       Procedural History**

22         This action proceeds on the September 2, 2008, second amended complaint.   The events

23    that give rise to this lawsuit occurred at Kern Valley State Prison, where Plaintiff was housed at

24    the time of the events at issue.   Plaintiff names as defendants  Correctional Officer Mike

25    Morales, Sergeant Michael Alvarez and Lieutenant  Lt. J. R. Garza.

26         Plaintiff alleges that on November 23, 2005, while he was working in the central kitchen

27    at Kern Valley State Prison, searches were conducted.  Plaintiff and the other inmate workers had

28    already been searched by other officers when Defendants Morales and Alvarez, who were with

1  the Investigative Services Unit, arrived and set Plaintiff up by planting a weapon and falsifying

2  reports.  Thereafter, Defendant Garza conducted Plaintiff's administrative segregation (AdSeg)

3  placement review and subsequent disciplinary hearing.  Plaintiff alleges that he did not receive a

4  fair hearing, and that Defendant Garza did not consider all of the evidence, including Plaintiff's

5  full investigative employee report.  Plaintiff alleges that as a result of the planted weapon,

6  falsified reports, and unfair hearing, he was housed in AdSeg, lost his job, lost his medium

7  security classification, and had has parole date extended from 2007 to 2011, in violation of his

8  right to substantive due process.

9      On February 4, 2009, findings and recommendations were entered, recommending that

10 this action proceed against Defendants Morales, Alvarez and Garcia for violation of Plaintiff's

11 right to due process, and that Plaintiff's equal protection claim be dismissed.  On March 25,

12 2009, an order was entered by the District Court, adopting the finding and recommendation in

13 full.  Service was ordered, and on September 23, 2009, Defendants Alvarez and Garza filed an

14 answer.[1]

15 **II.     Plaintiff's Motion**

16     **A.     Plaintiff's Burden**

17     "[A] party seeking summary judgment always bears the initial responsibility of informing

18 the court of the basis for its motion, and identifying those portions of [the record] which it

19 believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

20 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc.,  477 U.S. 242, 256 (1986).

21 Plaintiff's burden is to demonstrate affirmatively (by admissible evidence) that there is no

22 genuine issue of material fact as to each element of his claim for relief, entitling him to judgment

23 as a matter of law.  Plaintiff must also demonstrate the lack of any genuine issue of material fact

24 as to affirmative defenses asserted by the defendant.  But here, Plaintiff need not provide any

25

26     [1] On August 7, 2009, the Marshal filed a return of service unexecuted as to Defendant Mike Morales.  (ECF
   No. 37.)  On September 10, 2010, an order was entered, directing the Marshal to initiate re-service upon Defendant
27 Morales.  The deadline for return of service is March 11, 2001.

28                                      2

1   evidence.  He may simply point out the absence of evidence from the defendant. Fontenot v.

2   Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986); Zands v. Nelson, 797 F.Supp. 805, 808 (S. D.

3   Sal. 1992); Grimmway Enterprises, Inc. v. PIC Fresh Text, 548 S.Supp.2d 840, 845 (E. D. Cal.

4   2008).

5          **B.       Due Process**

6          In the order determining that Plaintiff stated a claim for relief, the Court noted that

7   Plaintiff did not have a liberty interest in remaining free from AdSeg, in his prison job, in being

8   housed at a particular level of security, or in a particular classification level.  Plaintiff's allegation

9   that his parole date was affected did, however, state a claim for relief that he was deprived of a

10  protected liberty interest created under state law. Sass v. California Board of Prison Terms, 461

11  F.3d 1123, 1128 (9th Cir. 2006).

12         "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

13  panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

14  U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural

15  requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours

16  between the time the prisoner receives written notice and the time of the hearing, so that the

17  prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they

18  rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses

19  and present documentary evidence in his defense, when permitting him to do so would not be

20  unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the

21  prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.

22  Confrontation and cross examination are not generally required. Id. at 567.  As long as the five

23  minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14

24  F.3d 1415, 1420 (9th Cir. 1994).

25         "[T]he requirements of due process are satisfied if some evidence supports the decision

26  by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; *see also* Touissaint v. McCarthy,

27

28                                                   3

1  926 F.2d 800, 802-03 (9th Cir. 1991); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

2  <u>Jancsek, III v. Oregon Bd. of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987); <u>Cato v. Rushen</u>, 824

3  F.2d 703, 705 (9th Cir. 1987); *see especially* <u>Burnsworth v. Gunderson,</u> 179 F.3d 771, 774-74

4  (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence

5  of liberty interest.)  The relevant inquiry is whether "there is *any* evidence in the record that

6  could support the conclusion reached . . . " as "[t]he Federal Constitution does not require

7  evidence that logically precludes any conclusion but the one reached by the disciplinary board."

8  <u>Hill</u> at 455-57 (emphasis added).

9  **C.      Plaintiff's Evidence**

10  In order to prevail, Plaintiff must come forward with evidence that establishes the lack of

11  a triable issue of material fact.  Plaintiff must come forward with undisputed evidence that he

12  was deprived of due process at his disciplinary hearing.   Although Plaintiff supports his motion

13  with references to his deposition transcript, he does not provide a copy of the transcript, or the

14  portions of the transcript to which he is referring.   Local Rule 133(j) requires a party relying on

15  the deposition to ensure that a copy is provided to the Court.  Plaintiff has not done so here.  The

16  Court therefore cannot determine whether the deposition testimony relied upon by Plaintiff

17  establishes the existence of a triable issue of fact.

18  Plaintiff refers to his Exhibit B to support his statement of fact that "Defendants set up

19  prisoners, then attempt to turn prisoners into their informants."  Plaintiff's Exhibit B is a copy of

20  CDC Form 114-D, Administrative Segregation Placement Notice, endorsed by Defendants

21  Morales and Alvarez, indicating that Plaintiff was placed in Administrative Segregation for

22  possession of a weapon.  There is nothing in Exhibit B that establishes the lack of a triable issue

23  of fact regarding any attempt to "set up prisoners."

24  Plaintiff refers to his Exhibit C to support his statement of fact that Defendant Garza, the

25  hearing officer, refused to address the investigative employee's report.  Defendants correctly note

26  that Exhibit C establishes that Defendant Garza did consider the investigative employee's report.

27

28                                                              4

1    Exhibit C is a copy of the CDC Form 115-A, Serious Rules Violation Report, regarding the

2    conduct at issue.  Exhibit C includes the following statement from the investigative employee:

3                    On January 4, 2006, at approximately 1300 hours, I contacted and
                     interviewed inmate COOPER, CDC# E-56897, Housing # ASU-2-
4                    102L.  I informed subject that I had been assigned as his
                     INVESTIGATIVE EMPLOYEE.  I asked inmate Cooper if he had
5                    any objections my assignment?  Subject stated "NO" and we
                     proceed with the interview.  I read the charges to inmate Cooper
6                    and asked if he understood the charges?  Subject stated "NO."  I
                     asked inmate Cooper if he would like to make a statement in
7                    regards to the charges?  Subject stated "YES."

8    Exhibit C clearly creates a triable issue of fact as to whether the investigative employee's

9    statement was entered into the record and considered.

10           Plaintiff also contends that Defendant Garza refused to allow Plaintiff to offer any

11   documents in his defense.  Plaintiff refers the Court to his Exhibits A-2, B and C.   A review of

12   Plaintiff's Exhibit A-2, a copy of CDC Form 128G, classification chrono, reveals no support for

13   Plaintiff's contention that he was deprived of the opportunity to present documentary evidence.

14   A review of Plaintiff's Exhibit B, referred to above, does not establish any support for Plaintiff's

15   contention.  Exhibit C indicates that the hearing officer asked Plaintiff if he would like to call any

16   witnesses on his behalf.  Plaintiff indicated that he did not.

17           The Court finds that Plaintiff has not met his burden on summary judgment.  Plaintiff has

18   not come forward with evidence that establishes the lack of a triable issue of fact.  Plaintiff fails

19   to come forward with evidence establishing, without dispute, that he was denied due process at

20   his disciplinary hearing.   Rather, as Defendants note, Plaintiff's exhibits indicate that, contrary to

21   his arguments, he was offered the opportunity to call witnesses, he was provided with an

22   investigative employee, the statement of the investigative employee was entered into the record,

23   and Plaintiff's own statement was entered into the record.  Because Plaintiff has failed to meet

24   his burden on summary judgment, the motion should therefore be denied.

25           Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary

26   judgment be denied.

27

28                                                        5

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.   The parties are advised

7  that failure to file objections within the specified time waives all objections to the judge's

8  findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12     IT IS SO ORDERED.

13  **Dated:    November 9, 2010**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    6