IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O MORALES, et al.,<br><br>　　　　　Defendants. | NO. 1:07 cv 00214 AWI GSA PC<br><br>ORDER ADOPTING FINDINGS & RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Documents *# 57 & #74)* |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 9, 2010, findings and recommendations were entered, recommending that the court deny Plaintiff's motion for summary judgment. On November 29, 2010, Plaintiff filed objections to the findings and recommendations.

　　　　This action proceeds on Plaintiff's second amended complaint, which alleges Plaintiff was denied due process at a disciplinary hearing. Specifically, Plaintiff alleges that he did not receive a fair hearing, and that the hearing officer did not consider all of the evidence, including Plaintiff's full investigative employee report and potential witnesses. Plaintiff also alleges Defendants fabricated evidence.

　　　　Plaintiff filed a motion for summary judgment. If a plaintiff files a motion for summary

1  judgment, he must "affirmatively demonstrate that no reasonable trier of fact could find other
2  than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).
3  Here, Plaintiff has not met this high burden. The Magistrate Judge found that a triable issue of
4  fact existed as to whether the hearing officer considered the investigative employee's report.
5  Plaintiff's contentions concerning what witnesses who were not called would have testified to is
6  similarly unavailing because there is no undisputed evidence as what these witnesses would have
7  said.  The evidence and reports Plaintiff submitted as exhibits to his motion create a triable issue
8  of fact as to Plaintiff's claim, and as such, the Magistrate Judge correctly recommended that
9  Plaintiff's motion be denied.

10  In his objections, Plaintiff contends that he has met his burden on summary judgment.
11  Plaintiff refers the court to specific pages of his deposition transcript.  Preliminarily, the court
12  notes that it cannot consider Plaintiff's deposition transcript or other evidence provided for the
13  first time as part of objections to findings and recommendations because the court can give no
14  consideration to factual assertions which could have been but were not presented to the
15  Magistrate Judge.  See Wade v. Liles, 2007 WL 2481881, *2 (E.D.Cal. 2007); Sundaram v.
16  County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001).  Whether the deposition
17  transcript establishes that the hearing officer provided a fair hearing or not, Plaintiff's own
18  exhibits in support of his motion for summary judgment created a triable issue of fact regarding
19  Plaintiff's claim.  Plaintiff has therefore not met his burden of establishing a lack of existence of
20  a triable issue of fact.  The mere fact that the court found the complaint stated a claim and this
21  action was allowed to proceed is far different than finding that there is no genuine issue as to any
22  material fact and Plaintiff is entitled to judgment as a matter of law without a trial.

23  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 305, this
24  court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the
25  court finds the findings and recommendations to be supported by the record and proper analysis.
26  //
27
28                                                              2

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on November 9, 2010, are adopted in full;
2. Plaintiff's motion for summary judgment is denied; and
3. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE

3