IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE TYRONE COOPER, Plaintiff, v. M. MORALES, et al., Defendants. | ) | NO. 1:07-cv-00214-AWI-GSA-PC<br>FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 76)<br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Defendants' motion for summary judgment. Plaintiff has opposed the motion.

**I. Procedural History**

This action proceeds on the September 2, 2008, second amended complaint. The events that give rise to this lawsuit occurred at Kern Valley State Prison, where Plaintiff was housed at the time of the events at issue. Plaintiff names as defendants Correctional Officer Mike Morales, Sergeant Michael Alvarez and Lieutenant J. R. Garza.

Plaintiff alleges that on November 23, 2005, while he was working in the central kitchen at Kern Valley State Prison, searches were conducted. Plaintiff and the other inmate workers had already been searched by other officers when Defendants Morales and Alvarez, who were with

the Investigative Services Unit, arrived and set Plaintiff up by planting a weapon and falsifying reports. Thereafter, Defendant Garza conducted Plaintiff's administrative segregation (AdSeg) placement review and subsequent disciplinary hearing. Plaintiff alleges that he did not receive a fair hearing, that Defendant Garza did not consider all of the evidence, including Plaintiff's full investigative employee report. Plaintiff alleges that as a result of the planted weapon, falsified reports and unfair hearing, he was housed in AdSeg, lost his job, lost his medium security classification, and had his parole date extended from 2007 to 2011, in violation of his right to substantive due process.

On February 4, 2009, findings and recommendations were entered, recommending that this action proceed against Defendants Morales, Alvarez and Garcia for violation of Plaintiff's right to due process, and that Plaintiff's equal protection claim be dismissed. On March 25, 2009, an order was entered by the District Court, adopting the finding and recommendation in full. Service was ordered, and on September 23, 2009, Defendants Alvarez and Garza filed an answer. On January 3, 2011, Defendant Morales waived service of the summons and complaint. On the same date, Defendant Morales joined in the motion for summary judgment. On November 22, 2010, Defendants Alvarez and Garza filed the motion for summary judgment that is before the Court. Defendant Morales joined in the motion on January 3, 2011.[1]

## II. **Defendants' Motion**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [a]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

---

[1] On April 16, 2009, the Court issued and sent to Plaintiff the summary judgment notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (ECF No. 32.)

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson, 477 U.S. at 248; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Matsushita, 475 U.S. at 588; County of Tuolumne v. Sonora Community Hosp., 263 F.3d 1148, 1154 (9th Cir. 2001).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn

out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

In order to prevail, Defendants must come forward with evidence that establishes the lack of a triable issue of material fact. Defendants must come forward with evidence that establishes, without dispute, that Plaintiff was afforded due process at his disciplinary hearing.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. Confrontation and cross examination are not generally required. Id. at 567. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

Jancsek, III v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . " as "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill at 455-57 (emphasis added).

**A. Credit Forfeiture**

In the order determining that Plaintiff stated a claim for relief, the Court noted that Plaintiff did not have a liberty interest in remaining free from AdSeg, in his prison job, in being housed at a particular level of security, or in a particular classification level. Plaintiff's allegation that his parole date was affected did, however, state a claim for relief that he was deprived of a protected liberty interest created under state law. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006).

Defendants submit Exhibits A through C in support of their motion for summary judgment. Exhibit A is a copy of the disciplinary violation at issue, Rules Violation Report (RVR) FB-05-11-089, along with the record of the first disciplinary hearing. This hearing was held on December 19, 2005. Page 7 indicates that, although Plaintiff was found guilty, he was not assessed a credit forfeiture, as "he did not receive first copies of the RVR with 15 days of the incident [sic]." The RVR was ordered reissued and reheard because the procedural due process violations were noted by the Senior Hearing Officer (SHO). In such instances, the regulations require that the violations be reissued and reheard. Title 15, Cal. Code Regs. §§ 3315, 3320.

Defendants' Exhibit B is a copy of the rehearing on the reissued RVR. The rehearing occurred on October 12, 2006. Lt. Vogt was the SHO. Exhibit B indicates that "the original RVR was served to inmate COOPER on 12-19-05, exceeding 15 day time constraint set forth in CCR, Title 15, section 3320, that notes inmates will receive first copies of the RVR within 15

days of discovery. As a result, no forfeiture of credit will be assessed."

Exhibit B indicates that there was a due process violation at the rehearing as well. Plaintiff was not assessed a credit forfeiture, Because "the Reissue Rehear RVR was not heard before the 30 days of receiving the first copy." At the first hearing, Plaintiff was placed on "A1C" status for 30 days and lost certain privileges for thirty days. Plaintiff was denied dayroom, yard, telephone calls, quarterly packages, special purchases and family visits. At the second hearing, no loss of privileges were assessed, "due to it being addressed in the first hearing on 1-18-06." (Id.)

Defendants' evidence establishes, without dispute, that Plaintiff, despite his allegations in the complaint, did not suffer a loss of credits. Plaintiff was assessed a loss of privileges, and a change in housing status for 30 days. As noted above, Plaintiff's due process claim turned on his allegation that his parole date was affected. Defendants' evidence establishes, without dispute, that Plaintiff did not suffer any loss of credits. As noted in the April 11, 2008 order, Plaintiff has no liberty interest in the temporary loss of privileges or housing status.

**B. Disciplinary Hearing**

Exhibit B also indicates that an investigative employee (IE) was assigned to assist Plaintiff, although Plaintiff indicated that he did not request an IE. Exhibit B also indicates that Plaintiff "stated that he did not request the presence of any witnesses." Plaintiff received notice of the hearing more than 24 hours in advance of the hearing. Id. Plaintiff was found guilty based upon the following:

> A. The written testimony in the RVR submitted by the RE, Officer M. Morales, where he documents I performed a clothed body search of inmate COOPER, and during the course of the search, I observed two unknown items fall out of the left side leg portion of inmate COOPER's pants. I immediately took possession of the said items which I discovered to be two pieces of plastic. One piece was sharpened to a point measuring approximately 1 ¾ inches long and ½ inches in width. The other piece was partially sharpened and measured 1 ⅝ inches long.
>
> B. The written testimony in 837-C submitted by Sergeant M.

Alvarez, where he documents, Officer Morales advised me that during a clothed body search of COOPER he discovered two plastic weapons in the cuffs of COOPER's left pant leg.

C. This violation requires the following elements: possession or constructive possession of a weapon. I believe these elements are present in this particular case.

D. California law recognizes two types of possession, actual possession means the person either has it on his person or under immediate control; constructive possession means he may not have it on his person but retains control directly or through another. I believe actual possession is present in this particular case.

E. Per CCR 3287(a) inmates are assigned areas of responsibility such as their bed and locker areas. Anything found within the inmate's assigned area during a search is the fixed responsibility of that inmate or inmates assigned to that area.

F. COOPER failed to provide a credible defense or offer a reasonable alternative to the charges. In consideration of the evidence listed above, I believe that a reasonable person would find a preponderance of evidence that COOPER was involved in the incident.

G. It is reasonable to conclude based on the evidence that COOPER was involved in Actual and Constructive Possession of a Weapon and is culpable.

(Id.)

Defendants' Exhibit B establishes, without dispute, that Plaintiff was afforded the following: (1) written notice of the charges; (2) at least 24 hours before the hearing; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right to call witnesses and present documentary evidence in his defense; and (5) legal defense where appropriate. Wolff, 418 U.S. at 556. Exhibit B also establishes, beyond dispute, that some evidence supported the decision of the SHO. Officer Morales discovered two pieces of sharpened plastic hidden in the cuff of Plaintiff's pant leg. The SHO specifically indicated that his conclusion was based on the evidence that Plaintiff was in actual and constructive possession of a weapon.

**III. Plaintiff's Opposition**

In his opposition, Plaintiff argues that the weapon was planted, and that he was not allowed to call witnesses at his hearing.[2] To support his claim, Plaintiff refers the Court to portions of his deposition transcript. Although Plaintiff supports his motion with references to his deposition transcript, he does not provide a copy of the transcript, or the portions of the transcript to which he is referring. Local Rule 133(j) requires a party relying on a deposition ensure that a copy is provided to the Court. Plaintiff has not done so here. The Court therefore cannot determine whether the deposition testimony relied upon by Plaintiff establishes the existence of a triable issue of fact. Plaintiff offers no other evidence in his opposition. In the second amended complaint, made under penalty of perjury, Plaintiff does allege that the weapon was planted, and that at the March 9, 2006, disciplinary hearing he was not allowed to call witnesses. As noted above, however, Defendants' Exhibit B establishes that at the October 12, 2006, rehearing, Plaintiff was not denied the opportunity to call witnesses.

**IV. Conclusion and Recommendation**

The Court finds that Plaintiff has not met his burden on summary judgment. Assuming, for purposes of this motion, that Plaintiff's statement in his second amended complaint constitutes evidence that the weapon was planted, he still has not met his burden. The issue in this case is whether Plaintiff was afforded due process at his disciplinary hearing, not whether Plaintiff was guilty of the charged offense. Plaintiff's claim that he is innocent of the charged offense is not cognizable, as there is no evidence that his conviction has been reversed, expunged, or otherwise invalidated.[3] The evidence indicates, at most, a violation of prison

---

[2] "A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" Keenan v. Hall, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996). Plaintiff's opposition to Defendants' motion for summary judgment is not made under penalty of perjury.

[3] In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42

regulations regarding notice, which was remedied by not assessing any credit forfeiture as a penalty.

Defendants' evidence establishes, without dispute, that Plaintiff did not suffer any credit forfeiture as a penalty, and therefore Plaintiff's parole date was unaffected. Defendants' Exhibit B establishes, without dispute, that Plaintiff suffered, at most, a 30 day deprivation of privileges. Further, Defendants' evidence indicates that Plaintiff's disciplinary hearing comported with the requirements of Wolff. Plaintiff has not provided any evidence to the contrary. Judgment should therefore be entered in favor of Defendants.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment be granted, and judgment be entered in favor of Defendants and against Plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487.

**Dated: May 4, 2011** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE